UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JEFFREY ALLMOND, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV423-149 |
| | ) | CR418-268 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Jeffrey Allmond, Jr. moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. Doc. 132.[1] The Court directed him to resubmit his Motion using the required form, doc. 133, and he complied, doc. 134. The Government moves to dismiss Allmond's Motion, as amended. Doc. 135. Allmond has responded in opposition to that Motion. Doc. 136. It is, therefore, ripe for disposition. For the reasons explained below, the Government's Motion should be **GRANTED**, doc. 135, and Allmond's Motion, as amended, **DISMISSED**, docs. 132 & 134.

---

[1] The Court cites to the criminal docket in CR418-268 unless otherwise noted.

A jury found Allmond guilty of a single count of coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  Doc. 117 at 1 (Judgment).  He was sentenced to 121 months of imprisonment and a ten-year term of supervised release.  *Id.* at 2-3.  Allmond appealed his conviction and the Court of Appeals affirmed.  *See* doc. 127; *see also United States v. Allmond*, 817 F. App'x 887 (11th Cir. 2020).  Allmond filed his original § 2255 Motion on May 18, 2023.  Doc. 132 at 6.

Allmond's Motion asserts three grounds for relief.  Ground One asserts that under the United States Supreme Court's opinion in *Ruan v. United States*, 597 U.S. 450 (2022), the Court of Appeals' opinion affirming his conviction was erroneous, to the extent that it held the Government was not required to prove he knew his victims were underage.  Doc. 134 at 4.  Ground Two asserts that the District Judge's jury instructions "misled the jury by authorizing a finding of guilt without proof of [his] knowledge [that his victims were underage]." *Id.* at 5.  Ground Three asserts that the allegedly erroneous jury instruction was not harmless.  *Id.* at 6.

The Government's Motion to Dismiss does not address Allmond's grounds individually. It asserts three arguments against his Motion. First, the Government argues that, to the extent that all three grounds depend upon *Ruan*, the Supreme Court's statutory interpretation in that case does not apply to §2422(b). Doc. 135 at 3-5. Second, the Government argues that Allmond's grounds are all procedurally defaulted. *See id*. at 5-8. Finally, the Government argues that his Motion is untimely. *Id*. at 8. The Government's arguments that Allmond's Motion is untimely and that *Ruan* does not alter the burden of proof applicable to § 2422(b) are correct. The Court, therefore, does not reach its procedural default argument.

A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Since Allmond filed a direct appeal, but did not appeal the Court of Appeals' judgment to the United States Supreme Court, *see, e.g.,* doc. 134 at 2, the one-year period commenced when the time for filing a petition for *certiorari* expired. *See, e.g., Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) ("A judgment is considered 'final' for § 2255(f)(1) purposes once the . . . period to petition for certiorari expires, even if the inmate does not seek certiorari." (citing *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002)); *see also* U.S. Sup. Ct. R. 13.1. As the Government points out, although the usual period to petition for certiorari is ninety days, it was extended to 150 days to accommodate the COVID-19 pandemic. *See* doc. 135 at 8; *see also Miscellaneous Order Rescinding COVID-19 Related Orders*, 338 F.R.D. 801 (July 19, 2021); *Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (March 19, 2020). Since the Court of Appeals affirmed Allmond's conviction on June 26, 2020, *see Allmond*, 817 F. App'x at 887, his conviction became final on November 23, 2020. The one-year period under § 2255(f)(1) expired, therefore, on

November 23, 2021.  His Motion, filed on May 18, 2023, [2] was more than one year out-of-time.

Allmond responds to the Government's argument by asserting that his Motion was timely because it was filed within one year of the Supreme Court's opinion in *Ruan*.  Doc. 136 at 2.  The one-year period may commence from "the date on which the right asserted [in the § 2255 motion] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  Allmond is correct that he filed his Motion within one year of *Ruan*.  *Compare* 597 U.S. at 450 (decided June 27, 2022), *with* doc. 132 (filed May 18, 2023).  However, every court to have confronted the argument has determined that *Ruan* was not a § 2255(f)(3) trigger.  *See United States v. Ashrafkhan*, 2024 WL 37936, at *5 (E.D. Mich. Jan. 3, 2024); *Sanchez v. United States*, 2023 WL 8418024, at *8 (M.D. Ala. Oct. 12, 2023) ("[T]he Supreme Court did not state that its *Ruan* holding would apply

---

[2] Under the "prison mailbox rule," Allmond's Motion is deemed filed on the date he submitted it for mailing.  *See, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  He has submitted a declaration that his Motion was submitted for mailing on May 18, 2023.  Doc. 132 at 6.

retroactively to cases on collateral review, and, to date, the Eleventh Circuit has not held that *Ruan* applies retroactively. Thus, the limitation period for bringing a § 2255 claim under *Ruan* cannot be controlled by § 2255(f)(3)."); *Sensi v. United States*, 2023 WL 4684829, at *3 (D. Conn. July 21, 2023) (characterizing *Ruan*'s holding as "a reaffirmation of an established principle (and not any newly-recognized right)."). *Ruan*, therefore, provides no basis to extend Allmond's otherwise-expired deadline under § 2255(f)(1). Allmond's Motion is, therefore, out-of-time.[3]

Even if Allmond's Motion were not untimely, the Government is also correct that his assertions are meritless. The crux of all three

---

[3] The merits of an untimely motion might be reached if the movant establishes either that he is entitled to equitable tolling or that he is "actually innocent." *See, e.g., Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013)) ("[A] showing of actual innocence provides an exception to the time-bar under [the Antiterrorism and Effective Death Penalty Act]."). It is the movant's burden to establish either actual innocence or the appropriateness of equitable tolling. *Lanier v. United States*, 769 F. App'x 847, 850 (11th Cir. 2019) ("The movant bears the burden of establishing his entitlement to equitable tolling."); *Isley v. United States*, 2011 WL 6955882, at *5 (N.D. Ga. Sept. 22, 2011) (citing *United States v. Montano*, 398 F.3d 1276, 1285 (11th Cir. 2005)) ("It is the Movant's burden to demonstrate actual innocence."). "Actual innocence" in this context means "factual innocence, and Allmond does not dispute that he engaged in the conduct for which he was convicted. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (" 'actual innocence' means factual innocence, not mere legal insufficiency."). In rare circumstances, the statute of limitations "can be equitably tolled where a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)); *Outler*, 485 F.3d at 1280 ("Equitable tolling is an extraordinary

grounds Allmond asserts is that, after *Ruan*, conviction under § 2422(b) requires proof that the defendant knew his victims were underage. *See* doc. 134 at 14-17. *Ruan* discussed general principles of interpretation applicable to determining scienter in criminal statutes, *see* 597 U.S. at 458, and applied them to statutes where "the statutory clause in question plays a critical role in separating a defendant's wrongful from innocent conduct," *id.* at 461. The statute at issue in *Ruan*, 21 U.S.C. § 841, "makes it a federal crime, '*except as authorized*, for any person knowingly or intentionally to manufacture, distribute, or dispense a controlled substance,' such as opioids." *Ruan*, 597 U.S. at 454 (quoting 18 U.S.C. § 841(a)) (alterations omitted). The Court interpreted the statute to require that "the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." *Id.* at 468.

The Government points out that the structure of §2422(b) is markedly different that the statutes the Supreme Court analyzed in *Ruan*. *See* doc. 135 at 3-5. The Government also points out that binding

---

remedy and is applied sparingly."). Allmond does not present any argument for equitable tolling, given his assertion that his Motion was timely, based upon *Ruan*. He has, therefore, shown neither an "extraordinary circumstance," or diligence.

7

Eleventh Circuit precedent establishes that conviction under § 2422(b) does not require proof that the defendant knew the victim's age. *See* doc. 135 at 4-5; *see also United States v. Daniels*, 685 F.3d 1237, 1250 (11th Cir. 2012) ("Proof that the defendant knew the victim was under the age of eighteen is not required," for conviction under § 2422(b)."). Courts in this Circuit have continued to apply *Daniels*' holding. *See, e.g., United States v. Howell*, 2023 WL 6142356, at *3-*4 (M.D. Ga. Sept. 20, 2023). Allmond does not point to any authority that suggests that *Ruan* undermines *Daniels*' holding. The fact that no court has suggested that *Ruan* altered the long-settled construction of § 2422(b) strongly suggests that Allmond's interpretation is mistaken.

While the lack of authority supporting Allmond's argument is indicative, the Government also cited the United States Court of Appeals for the Eighth Circuit's opinion in *United States v. Moreira-Bravo*, which persuasively contradicts Allmond's interpretation. Doc. 135 at 5. *Moreira-Bravo* declined to apply *Ruan* to 18 U.S.C. § 2423(a), which is virtually identical to § 2422(b). *See United States v. Moreira-Bravo*, 56 F.4th 568, 575-76 (8th Cir. 2022). *Compare* 18 U.S.C. § 2423(a) ("A person who knowingly transports an individual who has not attained the

8

age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution, or in any sexual activity for which a person can be charged with a criminal offense . . ."), *with* 18 U.S.C. § 2422(b) ("Whoever . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense . . ."). *Cf. Daniels*, 685 F.3d at 1248-49 (relying on analogy between § 2423(a) and § 2422(b)).

The Eighth Circuit's analysis is *Moreira-Bravo*, although not binding, is persuasive and utterly refutes Allmond's argument that *Ruan* implicates his conviction. He specifically argues that *Ruan* applies because "[t]he point of the Supreme Court's analogous precedents [including *X-Citement Video* and *Rehaif*,] was to make clear that 'knowingly' modified the statutory clause in question because that clause played 'a critical role' in separating a defendant's wrongful act from innocent conduct." Doc. 136 at 1-2 (punctuation omitted). As the Eighth Circuit succinctly stated in *Moreira-Bravo*, that argument is fallacious because, unlike the statute at issue in *Ruan*, under § 2423(a) and by extension § 2422(b), "the victim's age does not separate criminal from

9

innocent conduct because the defendant must always intend conduct constituting a separate crime." 56 F.4th at 576.[4]  The Eighth Circuit explained that in *Ruan*, along with *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994), and *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019), "the disputed element ( . . .) separated criminal from innocent conduct, and the Court relied on this fact to hold that the *mens rea* requirement applied to that element."  *Id.* at 575.  However, the conduct criminalized by § 2423(a), and the analogous conduct criminalized by § 2422(b), is not "innocent," notwithstanding the victim's age.  Even where "[t]he victim's age does double duty . . . , allowing a plausible argument that the victim's age is the only thing separating criminal from innocence conduct," the court "interpret[ed] the age requirement . . . without peeking at the elements of the underlying sexual offense that happened to form the predicate for [defendant's] conviction.  Lacking such a peek, we cannot say that the age requirement itself separates criminal conduct from innocent conduct—the 'intent'

---

[4] Here, the alleged criminal sexual activity underlying the § 2422 charge was child molestation, under O.C.G.A. § 16-6-4.  *See* doc. 33 at 1.  Like the underlying statutory rape allegation in *Moreira-Bravo, see* 56 F.4th at 576, "[t]he defendant's knowledge of the age of the victim is not an essential element of the crime of child molestation," under Georgia law, *see West v. State*, 808 S.E. 2d 914, 916 (Ga. Ct. App. 2017).

10

requirement and the attendant underlying crime do that." *Id.* at 576. The Eighth Circuit's interpretation of § 2423(a) applies with equal force to § 2422(b). It, therefore, exposes the fundamental and fatal flaw in Allmond's argument.

As the Eleventh Circuit explained in *Daniels*, "[a] defendant . . . who lures and encourages young children into [sexual] activities does so at his own peril, regardless of what the victim says or how she appears." 685 F.3d at 1250. *Ruan*'s reliance "on the otherwise-innocent-conduct presumption," simply does not apply to § 2422(b), where the conduct at issue, by the plain terms of the statute, is limited to criminal sexual activity. *See Moreira-Bravo*, 56 F.4th at 576. Allmond's argument that the Supreme Court's analysis in *Ruan* requires the Government to prove that a defendant knew his victim's age to convict him under § 2422(b) is, therefore, meritless.

In summary, the Government is correct that Allmond's Motion is untimely and that the grounds he asserts are all meritless. It's Motion to Dismiss should, therefore, be **GRANTED**. Doc. 135. Allmond's 28

U.S.C. § 2255 Motion, as amended, should be **DISMISSED**. Docs. 132 & 134.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 13th day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA